CHANDLER, J.,
for the Court:
¶ 1. John T. (Tom) and Wanda Cursey agreed to a divorce based on irreconcilable differences. They agreed on the division of virtually all of their property, but allowed the chancellor to decide the division of certain pieces of property. It is from this decision of the chancellor that Tom appeals, citing the following issue:
Was the final judgment of trial court clearly in error for dividing John T. Cursey’s share of the house sale proceeds and failing to consider Wanda L. Cursey’s bank account?
Finding error, we reverse and remand.
FACTS
¶ 2, Tom and Wanda agreed on how to divide all of their property except for Tom’s used car business, Wanda’s credit card debt, and their individual bank accounts. Tom and Wanda were satisfied with the chancellor’s ruling concerning the used car business and credit card debt, but Tom was not satisfied with the division of the bank accounts. These bank accounts contained the proceeds from the sale of the marital home which Tom and Wanda had *696 earlier divided equally. The final judgment only ordered division of Tom’s bank account and did not consider Wanda’s.
¶ 3. Tom and Wanda both filed financial statements. The financial statement provided a space to enter the amount of money contained in each bank account. Tom entered the amount of money in his bank account, but Wanda did not. When questioned on the stand about the amount of money Wanda had in her bank account, Wanda testified as follows:
Q: And you are sitting on $16,000 plus the $38,000 you got out of the house and you’re not having to eat or pay for your food or—
A: Yes, I am having to pay for my own food. They do not furnish my food.
Q: Now, you say you don’t know how much is in this bank account that’s in your name alone?
A: I do not.
Q: About how much? I mean are we talking $1000.or—
A: I don’t know.
Q: —$40,000?
A: I couldn’t tell you the exact penny. I know that I had gallbladder surgery since I’ve left and so the doctor bills and hospital bills have been paid out of that.
Q: But you’re still covered under Mr. Cursey’s insurance, aren’t you?
A: Correct.
Q: So the entire thing hasn’t come out of your money? You have not — you did not have to pay for all of it, did you?
A: Well, what the insurance did not pay I had to pay.
Q: Correct, but the insurance did pay?
A: Paid some, yes, not very much.
Q: Well, would you imagine that you have spent $2000 or $1000 or how much do you think you have spent in five months?
A: It could be from $5000 to $6000, maybe, I’m not sure.
¶ 4. With no further information, the chancellor ruled that all of the money in the bank accounts was marital property and should be divided equally between Wanda and Tom. Due to the fact that Wanda did not reveal how much money was in her account, Tom asked for clarification of this ruling. The chancellor responded by saying, “They are both marital accounts. My ruling is they are both marital accounts.”
¶ 5. The final judgment was prepared by Wanda’s lawyer and made no mention of his client’s bank account, which was in direct conflict with the court’s ruling and the response to Tom’s counsel’s inquiry. The chancellor signed the order nonetheless. A motion to clarify was filed by Tom and following a brief bench conference, the motion was dismissed. A subsequent motion to alter or amend judgment filed by Tom was denied without discussion.
DISCUSSION
¶ 6. A chancellor’s findings on issues of equitable distribution “will not [be] disturbed unless manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard.” Henderson v. Henderson, 703 So.2d 262, 264 (Miss.1997).
¶ 7. The judgment for divorce contained the following language:
The Court is further of the opinion that the bank account or certificate of deposit in the amount of $44,000.00 plus 2 pieces of stock worth $883.00. Each party will receive of the $44,000 .00 plus one/half of the stock of $441.50.
The Court is further of the opinion that each of the parties will receive one/ half of the bank account and stock after deductions. The first being $9,200.00 to the husband, the second being $2,787.50 to the wife and the third being $593.00 to the credit card company. After these *697 deductions, the parties will split equally the remainder of the $44,000.00 plus any interest that the account may have accrued.
¶ 8. The testimony was clear that the $44,000 was an account in Tom’s name only and included the $38,900 which he had received as half of the proceeds from the sale of the marital residence.
¶ 9. No provision in the judgment was made for the distribution of the bank accounts in Wanda’s name. The testimony was that Wanda also received $38,900 from the sale of the marital residence and had taken $3,200 in cash and $13,000 from joint accounts at the time the parties separated. The court had previously entered an order enjoining either party from disposing of assets. Wanda’s financial declaration showed that she had an undisclosed amount in a Peoples Bank checking account and another account at Union Planters Bank. She failed to disclose the amount in any account, contrary to Uniform Chancery Court Rule 8.05, which requires each party to provide a detailed financial statement to the court. This requirement can be excused by the chancellor and this may have been the case here as no mention was made of it. See Bland v. Bland, 629 So.2d 582, 587 (Miss.1993). This, however, does not explain the failure to consider any of Wanda’s accounts in the final judgment of divorce. The oral pronouncement of the court was that “both” accounts were “marital accounts” and thus subject to distribution.
¶ 10. The factors to be considered by the court in dividing marital property are set out in Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). The oral opinion of the court and observations by the court show that the court gave appropriate consideration to this ease law. This does not explain or excuse the failure to take into consideration Wanda’s bank accounts in the final judgment. This failure creates a hopeless conflict with the court’s oral opinions and the testimony of the parties and runs afoul of Ferguson in that $38,900 of the $44,000 account divided by the court was a “prior distribution” to Tom of a marital asset by agreement and part of the second factor to be considered under Ferguson. Id. The portion of each party’s account which represents the prior division of assets should not be subject to further distribution absent a specific finding by the court that it was required under another factor in Ferguson. On remand, each party should be given credit for the portion of each party’s bank account that is traceable to the sale of the marital residence unless the court finds and states a compelling reason to further divide consistent with the Ferguson factors. The court should also specifically address on the record what consideration is being given to Wanda’s bank accounts in the division of the bank accounts.
¶ 11. This Court therefore reverses and remands the portion of the judgment of divorce as to division of the bank accounts of the parties. As no claims have been raised as to the remainder of the judgment, it shall not be necessary for the court to revisit those parts of the judgment.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF YALOBUSHA COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING and MYERS, JJ., concur.